**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENTRELL D. WELCH, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WILLIAM RUEBART; STEPHANIE ROMAN, also known as Roman; RAY RIVERA, also known as Rivera; TASHEENA S. COOKE, also known as T. Sandoval Cooke; ROWLEY; DAVID DRUMMOND; SUE CHILSEN; K. BALTIERRA; ESQUIVAL; AMBER BODENHYMIE; JAMIE CICILIANO; CHARLES DANIELS; DAWN JONES; Sgt COX; CCS II DUGAN; STYLIN MAURO; WILLIAM GITTERE; PATRICIA HERNANDEZ, also known as P. Hernandez; GARCIA, <br><br> Defendants - Appellees. | No. 25-1097 <br><br> D.C. No. 3:22-cv-00389-CSD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Craig S. Denney, Magistrate Judge, Presiding[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

Submitted June 22, 2026[*]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Kentrell D. Welch, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First Amendment violations in connection with prison mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022). We affirm.

The district court properly granted summary judgment on Welch's First Amendment claim relating to his outgoing mail to the Department of Treasury because Welch failed to raise a genuine dispute of material fact as to whether this mail qualified as legal mail. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325-27 (9th Cir. 1996) (holding that mailings to state agencies do not qualify as legal mail); *see also Nordstrom v. Ryan*, 856 F.3d 1265, 1273 (9th Cir. 2017) (explaining that "procedures to ensure that outgoing legal mail is sent to a licensed attorney" is an obvious, easy alternative to inspecting the contents to make sure that the letter concerns legal subject matter).

The district court properly granted summary judgment on Welch's First Amendment claim relating to his incoming mail depicting bondage because Welch

---

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to raise a genuine dispute of material fact as to whether the prison policy prohibiting mail with sexually explicit content was facially unconstitutional or whether defendants lacked a legitimate penological interest in rejecting Welch's mail under that policy. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth the four-factor test for evaluating a prison regulation which impinges upon a constitutional right); *Prison Legal News*, 39 F.4th at 1128-36 (applying the *Turner* factors to assess the constitutionality of a prison policy prohibiting sexually explicit material and specific restrictions pursuant to that policy).

**AFFIRMED.**